IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RANDALL GABBARD                                                                                                  PLAINTIFF

           v.                Civil No. 05-5122

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff Randall Gabbard brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## Procedural and Factual Background

The plaintiff filed his application for DIB on February 22, 2002, alleging an onset date of July 18, 2001. (Tr. 91-102.) The application was initially denied (Tr. 29-30) and that denial was upheld upon reconsideration (Tr. 31-32). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). (Tr. 56.)

On February 5, 2003, a hearing was held by an ALJ. The plaintiff was represented by counsel at this hearing. (Tr. 248-262.) Due to a reassignment of cases, on September 24, 2003, a second hearing was held before a different ALJ. The plaintiff was represented by counsel at this hearing. (Tr. 263-292.) The ALJ issued an unfavorable ruling on October 15, 2003, deciding that the plaintiff was not disabled within the meaning of the Act. (Tr. 34-45.) The

plaintiff then requested a review of the hearing by the Appeals Council (Tr. 74-75), which granted that request, vacated the hearing decision, and remanded the case to the ALJ for further consideration of plaintiff residual functional capacity with reference to both examining and non-examining source opinions, and if warranted, a further expansion of the record to obtain supplemental evidence from a vocation expert to clarify the assessed limitations on the claimant's occupation base. (Tr. 76-79.)

On July 27, 2004, a supplemental hearing was conducted by the ALJ. The plaintiff was represented by counsel at this hearing. (Tr. 293-328.) The ALJ issued an unfavorable ruling on October 5, 2004, deciding that the plaintiff was not disabled within the meaning of the Act. (Tr. 8-21.) The plaintiff then requested a review of the hearing by the Appeals Council (Tr. 246-247), which denied that request on May 4, 2005 (Tr. 4-6); thus, the ALJ's decision became the final action of the Commissioner. The plaintiff filed his complaint with this court on July 11, 2005, seeking judicial review of that decision. (Doc. 1.) Both parties have filed appeal briefs with the court. (Docs. 8, 9.) This case is before the undersigned pursuant to the consent of the parties. (Doc. 5.)

When plaintiff filed his DIB application, he alleged that he was disabled due to "carpal tunnel both hands, bad feet, bad back, and bad ribs." (Tr. 121.) Plaintiff worked as a fruit cook from 1981 to 2001 for Vlasic. (Tr. 122.) After the initial denial, the plaintiff completed a Reconsideration Disability Report (Tr. 131-134) in support of his request for reconsideration. In this report, plaintiff states, in response to the question of whether his condition had changed since he filed his claim, that he suffered from "more fatigue and have a lot of anxiety and some depression." (Tr. 131.)

AO72A
(Rev. 8/82)

In his Social Security Disability Supplemental Interview Outline (Tr. 137-141), in response to the question of whether there was anything else the administration should know about plaintiff's condition, he responded, "depression." (Tr. 141.)

Upon requesting a hearing by an ALJ, the plaintiff completed an additional statement, in which he wrote, "I don't have a social life at all. I am still having a lot of depression and anxiety. Everything takes me a long time to accomplish." (Tr. 145.)

On January 21, 2004, plaintiff submitted to a general physical examination performed by Dr. Tad Michael Morgan. In the part of the form completed by the state agency, plaintiff's alleged impairments included "CTS, arthritis, breathing problems, depression." (Tr. 221.) Dr. Morgan also noted that plaintiff reported a history of depression. While Dr. Morgan indicates that there is no evidence of psychosis or of serious mood disorder (Tr. 226), he does include depression as a diagnosis (Tr. 227).

After the Appeals Council issued the remand on February 11, 2004, plaintiff completed another Reconsideration Disability Report (Tr. 169-172), in which he was asked to describe any physical or mental limitations he had as a result of his condition since he filed his claim. In response, plaintiff stated, "My depression is getting worse. It is getting harder and harder to stand for any length of time. It is very hard to climb stairs." (Tr. 169.)

At the hearing conducted after the Appeals Council remand, the plaintiff testified that he had lost some weight due to "stress and everything." He testified that the stress came from worries over income and his inability to do anything. He contended that the stress was occasional, not constant. (Tr. 301, 316.) He further testified that the type of day he has depends somewhat on whether he was under a lot of stress that day. (Tr. 309.) Plaintiff's attorney asked

him about his claim of depression, and plaintiff responded that he had been having problems with depression that he believes is caused by "being stuck in the house a lot" and "not being able to go out and do things like [he] used to." When asked if he was getting counseling, plaintiff responded that he was not because he could not afford it. (Tr. 313.)

In his decision, the ALJ states that plaintiff alleges he became disabled due to "arthritis, carpal tunnel syndrome, disorders of the muscle and connective tissue, and disorder of the back." (Tr. 12.) The ALJ recognizes that plaintiff asserted he has depression but was unable to afford counseling. (Tr. 14.) The ALJ then finds that plaintiff's allegations of arthritis, carpal tunnel syndrome, disorders of the muscle and connective tissue, and disorder of the back" were severe impairments within the meaning of the Regulations. (Tr. 15.) In discussing the claimant's allegation of depression, the ALJ writes, "The claimant has nonexertional limitations of anxiety and depression. However, his activities of daily living are not severely restricted, his social activities are not severely restricted, and his concentration and pace are not severely restricted because of his nonexertional limitations." (Tr. 16.)

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists

AO72A
(Rev. 8/82)

in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work

AO72A
(Rev. 8/82)

experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion**

The ALJ has a burden to fully and fairly develop the record, independent of the claimant's burden to present his case. This duty extends to cases where an attorney represents the claimant at the administrative hearing. *See Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994). "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make informed decision." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir. 1992).

While the ALJ did not make a specific severity determination concerning plaintiff's allegation of depression and anxiety, the ALJ does find that plaintiff's activities of daily living, social activities, and concentration and pace "are not severely restricted" because of the depression. It is unclear, however, what evidence, medical or otherwise, the ALJ reviewed in making this determination.

Almost from the initial filing of his claim, the plaintiff has made several references to a claim of depression and anxiety. (Tr. 131, 141, 145, 169.) Dr. Morgan even made a diagnosis of depression after completing the consultative physical examination in January 2004. (Tr. 227.) Further, the plaintiff testified at his hearing about stress and depression, and noted that he was unable to afford counseling.

As the depression claim was made virtually from the outset of this case, it is necessary

AO72A
(Rev. 8/82)

that the ALJ fully and fairly develop the record by obtaining at least a consultative mental evaluation upon which to make a severity determination concerning plaintiff's alleged mental impairment. As it presently stands, the ALJ's determination that plaintiff's depression is not a severe impairment is not substantially supported by the record as a whole.

**Conclusion:**

Accordingly, we conclude that the decision of the ALJ herein, denying benefits to the Plaintiff, is not supported by substantial evidence of record, and should be reversed. This matter should be remanded to the Commissioner for reconsideration consistent with this opinion.

DATED this 6th day of July 2006.

                                            **/s/ Beverly Stites Jones**
                                          _____
                                          HON. BEVERLY STITES JONES
                                          UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)